IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MARK L. HENDRIX, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | 7 : 04-CV-104 (RLH) |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

The plaintiff herein filed this Social Security appeal on September 21, 2004, challenging the Commissioner's final decision denying his application for disability benefits.  Jurisdiction arises under 42 U.S.C. § 405(g).  All administrative remedies have been exhausted.  Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment.  The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals.  28 U.S.C. § 636(c)(3).

*Background*

The plaintiff filed his application for disability benefits in January 2002, alleging disability since January 9, 2002, due to heart disease, coronary artery disease, hypertension, dyslipidemia and exogenous obesity.  His application was denied throughout all administrative levels, with the ALJ determining that the plaintiff retained the residual functional capacity to perform sedentary work and that the Medical-Vocational Guidelines directed a finding of "not disabled".  The Appeals Council denied review and the plaintiff then filed this appeal, arguing that the ALJ

failed to provide adequate reasons for discrediting his subjective accounts of disability, and failed to accord proper weight to a VA finding of disability and the findings of treating physician Dr. John Carrick.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Credibility findings*

Initially, the plaintiff argues that the ALJ failed to make any specific credibility findings in regard to the plaintiff's testimony and assertion of disability. If the Commissioner "finds

evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain.  Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability.  20 C.F.R. § 404.1529(a).  Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence.  20 C.F.R. § 404.1529(c).  The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence."  20 C.F.R. § 404.1529(c)(4).  If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled.  However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ herein reviewed the medical evidence and concluded that "[t]here is no question that the claimant is limited by his impairment.  However, the undersigned finds the claimant retains the residual functional capacity for [sic] full range of sedentary work . . . In reaching this conclusion, the undersigned considered the claimant's allegations and found them to be generally credible, but not to the extent that he is totally disabled within the meaning of the regulations."  R. at 19.  The ALJ then goes on to determine the plaintiff's residual functional capacity and applies the Medical-Vocational Guidelines to the plaintiff's claims.

A thorough review of the ALJ's decision reveals that the ALJ failed to provide specific reasons for discrediting the plaintiff's subjective accounts of limitation. Although the ALJ discusses the medical evidence, he makes no connection whatsoever between his decision to find the plaintiff's allegations less than fully credible and the medical record. The court cannot discern the ALJ's reasons for discrediting the plaintiff's allegations and testimony, requiring that this matter be reversed and remanded for further consideration.

Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, the Commissioner's decision is hereby **REVERSED AND REMANDED** pursuant to Sentence Four of § 405(g), for further consideration in accordance with the findings herein. Upon remand the ALJ should pay particular attention to a discussion of specific credibility findings and the specific weight assigned to the findings of Dr. John Carrick and the Veteran's Administration.

**SO ORDERED**, this 17th day of March, 2006.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb